```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


HUMBERTO ALONSO ORTIZ-ORONA       :
                                  :
            Petitioner            : No. 4:CV-07-1858
                                  :
     v.                           : Petition filed 10/15/07
                                  :
KAREN HOGSTEN, WARDEN, ET AL.,    : (Judge Muir)
                                  :
            Respondents           :
```

<u>ORDER</u>
January 7, 2008

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On October 15, 2007, Petitioner, Humberto Alonso Ortiz-Orona ("Ortiz-Orona"), an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Ortiz-Orona paid the required filing fee. Ortiz-Orona claims that he is a United States citizen and that he was wrongfully prosecuted and convicted of illegal re-entry into the United States. Ortiz-Orona states in relevant part, including spelling and grammatical errors, as follows:

> On July 6, 1998, Ortiz-Orona pled guilty to one count of second degree possession of a controlled substance (marijuana) before a Luna County Superior Court Judge in Demming, New Mexico. He received time served after serving only three (3) months in the Luna County Jail. Upon completion of said term, the Immigration and Naturalization Service("INS"), immediately initiated removal proceedings against petitioner. The INS claimed that Ortiz-Orono, a a non-citizen- was removable under section § 237 of the Immigration and Nationality Act ("INA"), because he had been convicted of a controlled substance violation. An Immigration Judge "Ordered" Ortiz-Orona "removed".

> After petitioner accepted guilty plea; Mr. Gary Hills, counsel representing petitioner at the time of original proceedings, erroneously advised Ortiz-Orona to waive his right to challenge Order of Removal before the Immigration Board of Appeals ("BIA").  Subsequent to entry of the judge's order, petitioner was released from the Luna County Jail, then taken into Bureau of Immigration and Customs Enforcement ("ICE") custody.  Petitioner was then lodged in an immigration detention center in Columbus, New Mexico.  Afterward, Ortiz-Orona was taken to the Mexican border and removed from the United States.  However, on the very next day, Ortiz-Orona returned back to the United States to attend to the important matters relevant to his immediate family.
>
> On or about February 10, 2001, Ortiz-Orona was arrested in Grand Junction, Colorado, and was charged with "illegal re-entry" and later sentenced pursuant to a plea agreement imposing a federal custodial term of imprisonment of forty one (41) months.  After completion of said term, petitioner was served with his original "Notice of Intent/Decision Reinstating Prior Order of Deportation."  Subsequently, petitioner was again deported back to Mexico.
>
> On or about February 14, 200[4], Ortiz-Orona returned back to the United States and was later charged, convicted, and sentenced, in the United States District Court for the District of Colorado pursuant to a guilty plea where he received a custodial term of imprisonment of fifty six (56) months.
>
> On March 7, 2007, Immigration and Naturalization Service (INS) officials served Ortiz-Orona with the original "Notice of Intent/Decision to Reinstate Prior Order of Deportation", seeking to deport Ortiz-Orona for being removable as an illegal alien.
>
> The original order is currently pending execution while petitioner serves remainder of his sentence for "illegal re-entry" into the United States.

Doc. 5, Brief in Support of Petition, pages 4-6.  Ortiz-Orona is currently serving the 56 month sentence at FCI-Allenwood.  Ortiz-Orona claims that he was born in Mexico on October 29, 1965, and that his biological father, Humberto Carbajal Orona, died in 1970.

He contends that his mother, Maria Ellen Barragan Orona, immigrated to the United States in 1972 and was admitted to this country as a lawful permanent resident. Ortiz-Orona claims that after his mother settled in this country she married Juan Augustin Ortiz, a citizen of the United States by birth. Attached to the petition is what purports to be a copy of Juan Augustin Ortiz's birth certificate. That birth certificate issued by the State of New Mexico, Bureau of Public Health, indicates that Juan Augustin Ortiz was born on April 14, 1933, at Cebolla, New Mexico. Ortiz-Orona's mother allegedly then returned to Mexico and brought Ortiz-Orona, who was eight years old, to the United States. It is alleged that at the point of entry into the United States, Ortiz-Orona and his mother were inspected and legally admitted into this country. Ortiz-Orona finally claims that he became a United States citizen on August 28, 1980, at the age of 14 when he was lawfully adopted by Juan Augustin Ortiz. Attached to the Petition is a copy of a Final Decree of Adoption issued by a Colorado state court on August 28, 1980.

The case was assigned to us but referred to Magistrate Judge Thomas M. Blewitt for preliminary consideration. On November 11, 2007, Magistrate Judge Blewitt filed a report recommending that pursuant to the Real ID Act of 2005 the case should be dismissed because this court lacks jurisdiction.

Objections to the report of a Magistrate Judge may be filed within 10 days after the report is served on the parties. M.D.Pa. Local Rule 72.31. The rule also requires that a brief in

support be filed at the same time that the objections are filed. Although Ortiz-Orona has filed objections to the report of Magistrate Judge Blewitt, he did not file a brief in support. His objections state in toto as follows:

> HUMBERTO ALONSO ORTIZ-ORONA (Petitioner) herein and submits his "Petitioner's Response and Objections to the Magistrates Report and said Recommendation and shows this Court as follows:
>
> Petitioner says that he has met the requirements to show that he is a derivative United States citizen as stated more fully in his petition and documents.

Because Ortiz-Orona refers to the documents supporting his petition, including a brief, we will address his objections.

When objections are filed to a report of a magistrate judge, we make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. United States v. Raddatz, 447 U.S. 667 (1980); 28 U.S.C. §636(b)(1); Local Rule 72.3. District judges have wide discretion as to how they treat recommendations of the magistrate judge. Id. Indeed, in providing for a de novo review determination rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. Id. See also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

4

In a 16-page report Magistrate Judge Blewitt explained why the case should be dismissed. We will briefly comment on portions of that explanation.

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 [1] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. fol. § 2254 (applicable to § 2241 petitions under Rule 1(b)). See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

In order to challenge the final order of deportation, Ortiz-Orona is required to file a petition for review with the appropriate Court of Appeals, i.e., the Circuit where "the immigration judge completed the proceedings." Kamara v. Attorney General, 420 F.3d 202, 209 (3d Cir. 2005) 8 U.S.C. § 1252(b)(2).

Ortiz-Orona claims that he is a citizen and consequently can not be deported. Jurisdiction to entertain such a claim lies with the appropriate Court of Appeals. The original order of deportation or removal was issued by an Immigration Judge in the State of New Mexico which is in the jurisdiction of the Court of Appeals for the Tenth Circuit.

Title 28 U.S.C. § 1631, entitled "Transfer to cure want of jurisdiction," provides in relevant part as follows:

> Whenever a civil action is filed in a court . . . and that court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice,

---

[1] Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

5

>     transfer such action . . . to any other court in which
>     the action . . . could have been brought at the time
>     it was filed . . . .

28 U.S.C. § 1631. Ortiz-Orona claims that he is a citizen or national of the United States. Magistrate Judge Blewitt recommended that we dismiss the petition because we lack jurisdiction. That recommendation seems sound in light of the fact that Ortiz-Orono is not precluded from filing a petition for review in the appropriate Court of Appeals. Also, it is clear Ortiz-Orona will have sufficient time within which to file such a petition because his current sentence according to the notice dated March 7, 2007, to reinstate the prior removal or deportation order indicates that his present sentence will not be completed until February 4, 2009. It is clear that we do not have jurisdiction to entertain the citizenship claim and that we should either dismiss the petition or transfer it to the appropriate Court of Appeals. We will dismiss the petition as it relates to that claim. We are not convinced that it is in the interest of justice to transfer the action.[2]

---

[2] Magistrate Judge Blewitt points out that the petition was filed after May 11, 2005, the effective date of the Real ID Act and that he can no longer recommend that the case be transferred. Although we are not convinced that that statement is correct in light of 28 U.S.C. § 1631, it appears that Ortiz-Orona's citizenship claim may be without merit. It is doubtful that Ortiz-Orona automatically became a United States citizen when he was adopted by Juan Augustin Ortiz. The statute which was in effect at the time Ortiz-Orona was adopted suggests otherwise. See 8 U.S.C. § 1432. Under the statute automatic citizenship would only be conferred if Ortiz-Orona's biological mother became a naturalized citizen prior to his 18th birthday. There is no indication that Maria Ellen Barragan Orona-Ortiz became a United States citizen prior to her son's 18th birthday.

Likewise, we do not have jurisdiction with respect to Ortiz-Orona's claim that his underlying conviction is invalid. That claim should have been presented to the District Court in Colorado by way of motion filed pursuant to 28 U.S.C. § 2255. A § 2255 motion to the sentencing court is generally the appropriate vehicle for challenging a conviction or sentence. See 28 U.S.C. § 22545; United States v. Hayman, 342 U.S. 205, 216-17 (1952). By the terms of § 2255, a prisoner authorized to apply for § 2255 relief is prohibited from filing a § 2241 petition for a writ of habeas corpus "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

A motion under § 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam). The burden is on the habeas petitioner to allege and demonstrate inadequacy or ineffectiveness. See id.; see also Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the § 2255 motion remedy is inadequate or ineffective. See Listeria v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).

7

"It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986). Moreover, the United States Court of Appeals for the Third Circuit has held that, as to issues cognizable by the sentencing court under § 2555, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curia), cert. denied, 409 U.S. 1046 (1972).

There is no indication in the present petition that Ortiz-Orono filed a § 2255 motion with the sentencing court regarding his instant allegations or that such a petition would be inadequate or ineffective. Consequently, this court is without jurisdiction to entertain the instant request for relief pursuant to § 2241.

We find no error in Magistrate Judge Blewitt's report and we shall adopt it as our own and dismiss the habeas petition.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The report of Magistrate Judge Blewitt filed on November 7, 2007, is adopted in toto.

2. Ortiz-Orona's petition for writ of habeas corpus is dismissed.

3. The Clerk of Court shall close this case.

4. Because this is not an action filed pursuant to 28 U.S.C. §§ 2254 or 2255, the court need not issue or decline to issue a certificate of appealability. See 28 U.S.C. § 2253; Rule

22, Federal Rules of Appellate Procedure.


                                        s/Malcolm Muir
                                        MUIR, U.S. District Judge



MM:gs